**Jack R. MAYER and Jessie E. Mayer,**
**Appellants,**

v.

**NATIONAL MISSILE AND ELECTRONICS, INC., Appellee.**

**No. 18624.**

United States Court of Appeals
Ninth Circuit.

Jan. 10, 1964.

Julius A. Leetham, Los Angeles, Cal., for appellant.

Robert G. Leff, Beverly Hills, Cal., for appellee.

Before BARNES, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

As long ago as 1915, in an opinion by Judge Morrow in Hamilton Trust Co. v. Cornucopia Mines Co., 9 Cir., 223 F. 494, this court stated:

"It is a fundamental rule of appellate jurisdiction that every person desiring to appeal from a decree must be interested in the subject-matter of the litigation, and the interest must be immediate and pecuniary and not a remote consequence of the judgment. The interest must be substantial, and a merely nominal party to an action cannot appeal. The interest must also be subsisting, for although a party may have an appealable interest at the commencement of the suit, if that interest has terminated before the entry of the judgment or decree sought to be appealed from, he cannot appeal. Again, the right or title which the appellant seeks to establish must be his own and not that of a third person. * * *"

(See, also, United States v. Adamant Co., 9 Cir., 1952, 197 F.2d 1, 5; In re Michigan-Ohio Bldg. Corporation, 7 Cir., 1941, 117 F.2d 191, 193. DeKorwin v. First National Bank of Chicago, 7 Cir., 1956, 235 F.2d 156, 158–159.)

The principles laid down by Judge Morrow are applicable here. The contest here is between a judgment creditor of the debtors and the holder of a mortgage upon their home, in which it is conceded that the debtors have no equity. The debtors appeal from an order that favors the judgment creditor. It is agreed that, if the order is reversed, the mortgagee, not the debtors, will be benefited. Yet the debtors are the appellants, not the mortgagee. The debtors, however, are not aggrieved.

Dismissed.