CHICAGO FREIGHT CAR LEASING
COMPANY, Plaintiff,

v.

MARTIN MARIETTA CORPORATION,
Defendant.

No. 74 C 3109.

United States District Court,
N. D. Illinois, E. D.

March 26, 1975.

William J. Stevens, Foss Schuman &
Drake, Chicago, Ill., for plaintiff.

Lord, Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiff, Chicago Freight Car Leasing Company (Chicago Car) has brought suit against Martin Marietta Corporation (Marietta) for a declaratory judgment pursuant to 28 U.S.C. § 2201. Both the plaintiff and the defendant in this action are defendants in a personal injury action now before the United States District Court, Middle District of Georgia, Columbus Division, Judge Elliot presiding.

In the Georgia action, the plaintiff and defendant, along with other parties, are charged with joint and concurrent negligence in causing a train derailment and consequent bridge collapse which resulted in extensive and permanent injury to a truck driver, the plaintiff in that suit. The complaint in the Georgia action was filed January 10, 1974; thereafter, both Chicago Car and Marietta filed answers. On May 16, 1974, Marietta filed cross-claims against Chicago Car claiming its right to full indemnity from Chicago Car for any judgment which might be recovered against it. On June 5, 1974 Chicago Car filed its answer to Marietta's cross-claim asserting as an affirmative defense a railroad car lease dated June 28, 1968, in which Chicago Car leased to Marietta the freight car whose allegedly defective structure caused the derailment in question.

On July 19, 1974, Chicago Car requested leave to file a cross-claim against Marietta based on the aforementioned lease. The request was denied by the Georgia District Court on the ground that Chicago Car failed to meet the Rule 13(f) requirement for permitting the filing of late counterclaims. Chicago Car did not appeal the order; rather, it filed the instant declaratory action on October 29, 1974, seeking a determination that the June 28, 1968 lease between Chicago Car and Marietta entitles Chicago Car to be indemnified by Marietta for any amounts it may be found liable to pay in the Georgia action.

Marietta has moved to dismiss the instant action on the following grounds:

1) Failure to file a compulsory counterclaim under Rule 13 waives the right to later assert such claim in a separate action.

2) An order refusing leave to file a compulsory counterclaim "operates as an adjudication upon the merits" under Rule 41, thus preventing the same claim from being asserted in a separate action.

3) Even if the claim was not waived under Rule 13 or barred under Rule 41, the complaint fails to state an "actual controversy" appropriate for declaratory relief.

4) A decision on the liability of Chicago Car is a necessary prerequisite to a determination of its indemnity rights under the lease agreement.

5) Some of the legal issues which Chicago Car seeks to have determined here will be decided in the Georgia action.

Chicago Car's opposition to Marietta's motion rests on the following contentions:

1) The claim which it attempted to file on July 19, 1974 was a cross-claim rather than a counterclaim.

2) The Georgia Court's order denying leave to file a cross-claim neither purported to dispose of the merits of the claim nor cited Rule 41; hence, it should not be construed as an adjudication on the merits.

3) The controversy between Chicago Car and Marietta is an actual controversy inasmuch a Marietta denies any obligation to indemnify Chicago Car from its own negligence or to pay its costs of defense, and insofar as it asserts that a Georgia statute governing construction contracts make the agreement void.

4) A determination of plaintiff's right to indemnification is appropriate under the declaratory judgment provision even when liability is not yet definite.

5) The indemnity provision is broad enough and clear enough to permit a declaratory judgment without deciding the issues before the Middle District of Georgia.

Our jurisdiction over the instant subject matter is based on the diversity of citizenship provisions of the United States Code, 28 U.S.C. § 1332.

### Cross-Claim or Counterclaim

Rule 13(a) of the Federal Rules of Civil Procedure states in part:

> "(a) Compulsory Counterclaims. A pleading *shall* state as a counterclaim any claim which *at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." [emphasis added]

In Professor Moore's introductory discussion of Rule 13, 3 Moore's Fed.Proc. ¶ 13.02 at 13–53 through 13–56, he points out that a counterclaim is any claim which one party has against an opposing party. Examples include claims held by the defendant against the plaintiff and those held by a third party defendant against a third party plaintiff. A cross-claim, on the other hand, is different insofar as it consists of a claim of one defendant against a co-defendant. These two claims are further distinguished by the compulsory nature of the counterclaim, which must be pleaded if it arises out of the same transaction or occurrence, and the permissive nature of the cross-claim—it is never compulsory.

A unique question posed by the instant case is the characterization of a claim which a defendant attempts to plead in opposition to a cross-claim pleaded by a co-defendant. The defendant in this case contends that such a claim must be treated as a counterclaim, because it is pleaded against an opposing party and arises out of the same transaction or occurrence. Chicago Car, on the other hand, asserts that because it is against a co-party, the claim must be characterized as a cross-claim. The United States District Court for the Middle District of Georgia denied the plaintiff's request for leave to file a cross-claim holding that it had failed to meet any of the Rule 13(f) requisites for permitting the filing of late counterclaims; hence, that Court resolved the characterization question in favor of Marietta's position.

■ Although there is no judicial authority specifically on point, Professor Moore takes the position that a party must plead as a counterclaim under section 13(a) a claim arising out of the same transaction or occurrence as a cross-claim pleaded against him by a co-defendant. This view is supported by the policy underlying Rule 13(a), which seeks to force litigants to bring all claims arising out of the same transaction in one court, thus preventing the filing of multiple suits regarding one subject-matter and achieving in a single lawsuit a resolution of all disputes arising out of common matters. See Southern Construction Co. v. Pickard, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962).

The anomaly created by the present set of facts is that although the substance of Chicago Car's claim against Marietta in the Georgia action required that it be treated as a counterclaim, it fails to qualify for compulsory treatment under Rule 13(a). That rule required the pleading of a claim which, at the time of serving, the pleader has against the opposing party.

Several courts have interpreted the language of Rule 13 as limiting the compulsory counterclaim rule to a claim that has fully matured at the time of service, thus excluding those claims which are contingent upon the outcome of litiga-

tion. See Cyclotherm Corporation v. Miller, 11 F.R.D. 88 (W.D.Pa.1950); Cold Metal Process Co. v. United Engineering & Foundry Co., 190 F.2d 217 (3 Cir. 1951). See also Wright & Miller Fed.Prac. & Proc. § 1411. Consistent with this view, several courts have held claims for contribution and indemnity to be outside the purview of Rule 13(a). See Hartford Accident & Indemnity Co. v. Levitt & Sons, Inc., 24 F.R.D. 230 (E.D.Pa.1959) where the District Court explained that a claim for contribution is not subject to the compulsory counterclaim rule, because such a claim depends on whether the defendant wins or loses; hence, it is contingent and not one "which at the time of serving the pleading the pleader has . . . ."

In Chapin & Chapin, Inc. v. McShane Contracting Co., Inc., 374 F.Supp. 1191 (W.D.Pa.1974), the District Court rejected the application of res judicata and collateral estoppel principles to bar the counterclaim being brought by defendant. The defendant, a general contractor, entered a contract with the Pennsylvania Department of Transportation (Penn Dot) to install concrete paving on a portion of a state highway. The general contractor subcontracted out part of the project to plaintiff, who subsequently sued and recovered a judgment against the defendant for breach of contract in failing to perform its work according to schedule, thereby preventing plaintiff from performing its work. After the completion of the trial, Penn Dot notified the general contractor that it was withholding funds pending the correction of paved areas which were cracked and of deficient depth. The subcontractor argued that defendant's motion for a stay of execution of the prior judgment against it should not be granted inasmuch as defendant's claim had been merged in the original judgment, and defendant was thereby prevented by res judicata and collateral estoppel from raising a claim for reimbursement. In holding that defendant's claim could not have been considered a compulsory counterclaim, even though it arose from the same transaction or occurrence as plaintiff's, the court said:

> In our case *sub judice,* we do not feel that the claim of McShane [the general contractor] had matured; since it's claim was based upon the failure of Chapin to put down sufficient concrete, there still remained a primary matter which had to be determined before the claim matured. This was whether or not the Commonwealth of Pennsylvania through Penn Dot would make a finding that there was such a *material* violation of the specifications as would constitute a breach of contract by McShane to which McShane could look for indemnity from Chapin. The claim was, therefore, not a compulsory counterclaim.

The one case which seems to gainsay the view that a claim which depends upon the outcome of a lawsuit will be denied compulsory counterclaim treatment is Interphoto Corporation v. Minolta Corp., 47 F.R.D. 341 (S.D.N.Y.1969). That case, cited by Wright & Miller, Federal Practice and Procedure § 1411, note 3, involved an antitrust action brought by a camera distributor against the camera manufacturer. The complaint sought treble damages based on the loss of sales pursuant to the manufacturer's allegedly unlawful termination of the distributorship agreement. The manufacturer counterclaimed to force the distributor to return products which had been forwarded to the distributor by the manufacturer. One of the grounds put forth to support plaintiff's motion to dismiss the counterclaim was that it was dependent on the manufacturer's successfully defending the main action.

The Court held that, if Minolta had the right to terminate the agreement, it had the right to the return of the inventory, and since the manufacturer terminated the agreement prior to the institu-

tion of suit by the distributor, the right to the return of the inventory accrued prior to trial. *Interphoto* is therefore distinguishable from the instant case in that there, the event supporting the claim of the defendant to recover the goods—the termination of the agreement—occurred prior to trial. Here, the event which will establish in Chicago Car an alleged right to recover will be a finding that Chicago Car is liable for the injuries to the plaintiff in the Georgia action.

Because Chicago Car's claim was contingent at the time of pleading upon a finding of liability in the Georgia action, it was not a mature claim within the meaning of 13(a); it was, consequently, not capable of compulsory counterclaim treatment pursuant to that section. We hold, accordingly, that the plaintiff's present claim is neither barred by res judicata nor collateral estoppel principles nor by the operation of Rule 41. The latter rule is clearly inapposite in that Judge Elliot's order did not dismiss plaintiff's counterclaim on the merits; rather, it denied plaintiff leave to file such a claim, since it was tendered in an untimely manner. The order was not a dismissal on the merits of plaintiff's claim as contemplated by Rule 41.

### Declaratory Judgment

Title 28 of the United States Code section 2201 provides:

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The defendant correctly points out that the Courts have repeatedly held where persons have attempted to secure declaratory relief as to their right to recover under an insurance agreement or to be indemnified pursuant to an agreement with a third party in the event of an assessment of liability, that the controversy is speculative as opposed to actual and, therefore, not ripe for declaratory relief. The following cases are only a few examples: American F. & C. Co. v. Pennsylvania T. & F. M. Cas. Ins. Co., 280 F.2d 453 (5th Cir. 1960); Maryland Cas. Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D.Ohio 1965); Great Northern Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67 (N.D.Ga.1965).

The Seventh Circuit, however, has taken a different view of what comprises an actual controversy within the meaning of §. 2201. In Sears, Roebuck & Company v. American Mutual Liab. Ins. Co., 372 F.2d 435 (7th Cir. 1967), Sears was sued in state court by a purchaser of thermal underwear for injuries sustained by the purchaser when the underwear burst into flames while he was welding. Sears sought a declaratory judgment against American Mutual, the insurer of Sears' supplier, determining that American Mutual was obligated to reimburse it for any amounts recovered against Sears by reason of defective products supplied to it by American Mutual's insured. The District Court dismissed the suit on the grounds that Sears might never be found liable in the state action. The Seventh Circuit reversed, holding that a District Court may exercise discretion in refusing to entertain a suit for declaratory relief for reasons related to the purposes of the Act or to some overriding policy consideration such as abstention in state matters, inconvenience to parties or improper use of the declaratory judgment, but not merely because of the existence of another lawsuit. The Court further held that an actual controversy existed between Sears and American which could not be resolved by the state action. The issues in the federal litigation included: whether Sears was entitled to coverage under the policy between its supplier and American Mutual, whether

Sears gave timely notice to its supplier or American Mutual, and whether Sears repackaged, reformed, and changed the product to a degree which rendered it excluded from coverage. The Seventh Circuit concluded that declaratory relief was appropriate because the state court would not decide the foregoing issues and because the possibility that the state court action might result in a finding of no liability in Sears was insufficient to support a dismissal of the suit.

Confronted with a fact situation similar to that in American Mutual, the Seventh Circuit in Sears & Roebuck v. Zurich Ins. Co., 422 F.2d 587 (7th Cir. 1970) rendered a similar decision. The Court there held that the question of the insurance company's duty to defend was "ripe for declaratory relief" and noted that the declaration of rights and duties should not be refused because of the pendency of another suit, if the controversy between the parties would not necessarily be determined by that suit.

Plaintiff's present indemnity claims are generally similar to those for reimbursement in the two foregoing cases. The standards enunciated in those cases, therefore, will be applied in the instant case.

Although the plaintiff's affirmative defense under the 1968 lease is before the Georgia Court, its claim for indemnification under that lease is not. The Georgia Court will not, therefore, resolve the present controversy. Additionally, the parties to the present action are in dispute with respect to whether the indemnity provision of the lease calls for the payment by Marietta of Chicago Car's costs in defending the Georgia action or Marietta's obligation to indemnify Chicago Car from its own negligence. Even though the Georgia action will determine the validity of Chicago Car's affirmative defense, that the 1968 lease insulates it from indemnifying Marietta, it may not resolve the foregoing closely-related issues.

It is apparent, however, that the questions to be resolved in the instant action may vary or be mooted completely by virtue of the result in the Georgia case. It is also obvious, as Chicago Car counsel concedes, that, even if Marietta might be obligated to reimburse Chicago Car for its costs and expenses in the Georgia suit, the latter cannot and will not tender defense of the case to Marietta. There is, therefore, no purpose to be served by an early declaratory judgment adjudication. Were it not for the Seventh Circuit decisions previously referred to, we would dismiss this case as premature.

We are advised that the Georgia case has a firm trial date in July of this year. Given the logistics of pretrial, it seems likely that our case will not be ready for disposition until after completion of that trial and we will know what questions, if any, warrant declaratory judgment.

Accordingly, based on the Seventh Circuit decisions discussed, defendant's motion to dismiss the instant suit is denied.