Charles A. NASO dba Charlie's Sunoco, Plaintiff,

v.

**SUN REFINING AND MARKETING CO., et al., Defendant.**

No. C82–1572.

United States District Court, N.D. Ohio, E.D.

May 10, 1983.

Dennis G. Mille, Cleveland, Ohio, for plaintiff.

William T. Smith, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

BELL, District Judge.

On June 17, 1982, the plaintiff, Charles A. Naso d/b/a Charlie's Sunoco (hereinafter Naso), filed the above captioned case pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (hereinafter PMPA). Naso has alleged that the defendants, Sun Refining and Marketing Co. and Sun Oil Company of Pennsylvania (hereinafter Sun Oil) violated various provisions of the PMPA when they attempted to terminate plaintiff's franchise.

Currently before the court is the defendants' motion to dismiss or for summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence, and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62

L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.*, 532 F.2d 1070 (6th Cir.1976). A summary of the evidence, construed most favorably to plaintiff, follows.

On June 20, 1977, Naso was granted a franchise by Sun Oil to operate a full service gas station at 6907 Pearl Road, Middleburg Heights, Ohio. This property is owned by Sun Oil and leased to Naso. Naso received a letter on March 22, 1982 from Sun Oil which informed him that the lease and franchise would not be renewed at the end of these agreements, which would be on June 19, 1982. However, on June 15, 1982, Sun Oil extended the non-renewal date to July 19, 1982. Thereafter, on June 30, 1982, Sun Oil rescinded all prior notices of termination and non-renewal, and the lease and franchise agreements have continued in effect.

Sun Oil, in its motion to dismiss or for summary judgment has asserted that this court lacks subject matter jurisdiction over these proceedings. After reviewing all of the pleadings and briefs in this action in light of the undisputed facts, this court hereby determines that it lacks subject matter jurisdiction. For the following reasons, the case is hereby dismissed.

■ A fundamental requirement of jurisdiction in the federal courts is that a justiciable case or controversy exists under Art. III, § 2 of the Constitution. Such a justiciable case or controversy is distinguished from a dispute which is hypothetical, contingent or abstract in nature. *Alabama State Federation of Labor v. McAdory*, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). A federal district court lacks subject matter jurisdiction to express a legal opinion in an action which lacks a justiciable case or controversy.

Naso has alleged subject matter jurisdiction pursuant to 15 U.S.C. § 2801, *et seq.* Jurisdiction is vested in a federal district court when a violation of 15 U.S.C. § 2802(a) which states as follows:

(a) Except as provided in subsection (b) of this section and section 2803 of this title, no franchisor engaged in the sale, consignment, or distribution of motor fuel in commerce may—(1) terminate any franchise (entered into or renewed on or after June 19, 1978) prior to the conclusion of the term, or the expiration date, stated in the franchise; or (2) fail to renew any franchise relationship (without regard to the date on which the relevant franchise was entered into or renewed).

In the present action, however, there has been no violation of this section of the PMPA.

Prior to Naso's filing of this action, on June 17, 1982, Sun Oil extended the termination date until July 19, 1982. Subsequently, on June 30, 1982, Sun Oil rescinded the termination letters. Therefore, the franchise has never been terminated as set forth in § 2802(a)(1) or not renewed as set forth in § 2802(a)(2).

■ The failure to meet the requirements for jurisdiction as set forth in 15 U.S.C. § 2802(a) does not create a justiciable case or controversy. *Halder v. Standard Oil Co.*, 642 F.2d 107 (5th Cir.1981). In *Halder*, an oil company failed to renew a franchisee's lease at the end of its term but continued the relationship on a month-to-month basis. The *Halder* court found that the continuation of the lease on a month-to-month basis does not violate the PMPA. Therefore, no actual controversy exists which would give rise to subject matter jurisdiction of the federal courts.

Accordingly, Sun Oil's motion for summary judgment is hereby granted and this action is dismissed for want of subject matter jurisdiction.

IT IS SO ORDERED.