**ALLSTATE INSURANCE COMPANY,**
**Plaintiff-Appellee,**

v.

**WAYNE COUNTY, et al.,**
**Defendants-Appellants.**

**No. 84–1279.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 21, 1985.
Decided April 25, 1985.

Wellford, Circuit Judge, filed concurring opinion.

---

Michael M. Hathaway, Vandeveer, Garzia, Tonkin, Keer, Heaphy, Moore, Sills, Poling, Robert Brignall, Detroit, Mich., argued, for defendants-appellants.

Wayne D. Gardner, Randall Bryant, Detroit, Mich., argued, for plaintiff-appellee.

Before CONTIE and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

CONTIE, Circuit Judge.

Wayne County and William Lucas appeal the judgment of the district court granting a declaratory judgment in favor of appellee Allstate Insurance Company pursuant to 28 U.S.C. § 2201. Since we conclude that the district court lacked jurisdiction, we vacate

the judgment of the district court and remand with instructions to dismiss.

## I.

This case arises from an altercation between Joseph Russo, a Wayne County deputy sheriff, and Christopher Graves in which Russo allegedly shot Graves. On December 10, 1980, Graves filed an action in the Circuit Court for the County of Wayne against Wayne County and Russo. Graves alleged that Russo, acting in his capacity as a deputy sheriff, had shot Graves intentionally, willfully, wantonly, and without just cause, or, in the alternative, that Russo had acted negligently. Graves also filed an action in federal court against Wayne County, Russo, Sheriff William Lucas and several other parties pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, alleging that Russo was acting under color of state law and in his official capacity when he shot Graves. Graves alleged that Russo shot him intentionally, willfully and wantonly, thereby depriving Graves of his civil rights by the shooting and the subsequent malicious prosecution. In July 1982, Russo demanded that appellee Allstate defend these actions pursuant to a homeowner's insurance policy issued by Allstate to Russo.

On December 3, 1982, Allstate filed the instant action against Russo, Graves, Wayne County, Lucas, the Wayne County prosecutor, a Wayne County deputy sheriff, the City of Southgate and two Southgate police officers. Allstate sought a declaratory judgment that Allstate was not obligated to defend or extend coverage to Russo in either the state or federal action. Allstate argued that the incident was not an "occurrence" as defined by the policy, that Russo had expected the injury, that the occurrence did not arise from an acci-

dent, and that the injury arose from Russo's participation in his business. Allstate asserted that defendants other than Russo had been joined "because they were in a position that their rights or obligations may be affected by the outcome of the instant suit."

On August 11, 1983, Allstate filed a motion for summary judgment. On March 30, 1984, the district court granted the motion against all defendants, concluding that the allegations of scope of employment in the state complaint and color of state law in the federal complaint required the application of the business pursuits exclusion of the insurance contract, and, therefore, Allstate had no duty to defend.[1]

Russo did not appeal the judgment of the district court. Only appellants Lucas and Wayne County, (hereinafter, "Wayne County"), seek review of the district court's order.[2]

## II.

Although the justiciability of this dispute or the standing of the parties thereto was not questioned in the district court,[3] these are threshold inquiries which this court is obligated to consider prior to asserting jurisdiction over this appeal. *Secretary of State of Maryland v. Joseph H. Munson Company, Inc.*, — U.S. —, 104 S.Ct. 2839, 2846 n. 4, 81 L.Ed.2d 786 (1984); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975); *Jet Courier Services, Inc. v. Federal Reserve Bank of Atlanta*, 713 F.2d 1221, 1225 (6th Cir.1983); *Senter v. General Motors Corp.*, 532 F.2d 511, 516 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976), "The Declaratory Judgment Act of 1934 [predecessor to 28 U.S.C. § 2201], in its limitation to 'cases of actual

---

1. We note that the district court only concluded that Allstate had no duty to defend Russo and not that Russo was not entitled to coverage under the policy. As we discuss, *infra*, an insurer's obligations to defend and to extend coverage are distinct.

2. A jury verdict in favor of all defendants was entered in the state action which has since been

appealed by Graves. Subsequently, on January 28, 1985, the federal court action was dismissed based on the *res judicata* effect of the state court judgment.

3. The court did decide that Graves had standing as a party to the action; however, he is not a party to this appeal.

controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937); *ACandS, Inc. v. Aetna Casualty and Surety Co.,* 666 F.2d 819, 822 (3d Cir.1981) ("A federal court's authority to grant declaratory relief under 28 U.S.C. § 2201 (1976) extends to the article III limits on the court's power to adjudicate disputes."); *Western Mining Council v. Watt,* 643 F.2d 618, 623 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

Pursuant to Art. III § 2, Cl. 1 of the United States Constitution, the federal courts are courts of limited jurisdiction. *Allen v. Wright,* —— U.S. ——, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). In fact "[t]he constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity" to decide actual controversies. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). "Article III obligates a federal court to act only when it is assured of the power to do so, that is, when it is called upon to resolve an actual case or controversy." *Id.* at 476 n. 13, 102 S.Ct. at 760 n. 13.

### A.

The scope of our limited jurisdiction, as expressed in the "case" or "controversy" limitations of Art. III, has been defined through several doctrines, the foremost, perhaps, of which is the standing doctrine. *Allen,* 104 S.Ct. at 3324; *Warth,* 442 U.S. at 498, 95 S.Ct. at 2204 ("standing imports justiciability"). The doctrine assures the presentation of legal questions "in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action," *Valley Forge Christian College,* 454 U.S. at 472, 102 S.Ct. at 758, and "reflects a due regard for the autonomy of those persons likely to be most directly affected by a judicial order." *Id.* at 473, 102 S.Ct. at 759.

The standing doctrine limits the judicial power of the federal courts to parties who demonstrate "injury in fact." *Valley Forge Christian College,* 454 U.S. at 473, 102 S.Ct. at 759; *Senter,* 532 F.2d at 517. There are three components of the "injury in fact" requirement. First, a party must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979); *Allen,* 104 S.Ct. at 3325; *Valley Forge Christian College,* 454 U.S. at 472, 102 S.Ct. at 758; *Warth,* 422 U.S. at 498–99, 95 S.Ct. at 2204–05 ("the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962); *Kay v. Austin,* 621 F.2d 809, 811 (6th Cir.1980). However, the fact that a person may be collaterally affected by a court's adjudication of another's rights does not necessarily extend the Art. III judicial power to that person. *See Warth,* 422 U.S. at 499, 95 S.Ct. at 2205.

Second, a party must show that the injury "fairly can be traced to the challenged action of the defendant," *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 41, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976), and third, that the injury "is likely to be redressed by a favorable decision," *Simon,* 426 U.S. at 38, 96 S.Ct. at 1924. *Allen,* 104 S.Ct. at 3325; *Valley Forge Christian College,* 454 U.S. at 472, 102 S.Ct. at 758. *See Young v. Klutznick,* 652 F.2d 617, 623 (6th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 650 (1982). While this second component "examines the causal connection between the assertedly unlawful conduct and the alleged injury," the third "examines the causal connection between the alleged inju-

ry and the judicial relief requested." *Allen,* 104 S.Ct. at 3326 n. 19; *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 75 n. 20, 98 S.Ct. 2620, 2631 n. 20, 57 L.Ed.2d 595 (1978) (plaintiff must show no more than "that there is a 'substantial likelihood' that the relief requested will redress the injury claimed").

We also recognize that prudential limitations on the rights of parties to litigate in the federal courts have been classified under the general rubric of "standing." We caution, however, that these prudential limitations or "matters of judicial self-governance," *Warth,* 422 U.S. at 500, 95 S.Ct. at 2206, are separate and apart from those mandatory jurisdictional prerequisites set out above. *Valley Forge Christian College,* 454 U.S. at 475, 102 S.Ct. at 760 ("neither the counsels of prudence nor the policies implicit in the 'case or controversy' requirement should be mistaken for the rigorous Art. III requirements themselves."); *Lewis v. Knutson,* 699 F.2d 230, 236 (5th Cir.1983). *See Naso v. Sun Refining and Marketing Co.,* 582 F.Supp. 1566, 1567 (N.D.Ohio 1983). "Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States." *Valley Forge,* 454 U.S. at 475–76, 102 S.Ct. at 760–61 (footnote omitted).[4]

■ Perhaps the most prominent of these prudential limitations is that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. at 499, 95 S.Ct. at 2205; *Joseph H. Munson Company, Inc.,* 104 S.Ct. at 2846; *Valley Forge Christian College,* 454 U.S. at 474, 102 S.Ct. at 759; *Gladstone, Realtors,* 441 U.S. at 100, 99 S.Ct. at 1608; *Duke Power Co.,* 438 U.S. at 80, 98 S.Ct. at 2634; *Barrows v. Jackson,* 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1953); *Senter,* 532 F.2d at 517. Courts do not decide cases based on the rights of third parties because "it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not," and "third parties themselves usually will be the best proponents of their own rights." *Singleton v. Wulff,* 428 U.S. 106, 113–14, 96 S.Ct. 2868, 2873–74, 49 L.Ed.2d 826 (1976). However, a party will be allowed to assert the rights of third persons "[w]here practical obstacles prevent a party from asserting rights on behalf of itself," if the party can demonstrate "injury in fact" as required by Art. III and "can reasonably be expected properly to frame the issues and present them with the necessary adversarial zeal." *Joseph H. Munson Company, Inc.,* 104 S.Ct. at 2847.[5]

This prudential limitation is reflected in the rule that "a party may only appeal to protect its own interests, and not those of a coparty," even when the outcome of the appeal may have some effect on the appellant's interests. *Libby, McNeill, and Libby v. City National Bank,* 592 F.2d 504, 511 (9th Cir.1978); *Milonas v. Williams,* 691 F.2d 931, 944 (10th Cir.1982), *cert. denied,* 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983); *Bryant v. Technical Research Company,* 654 F.2d 1337, 1343 (9th Cir.1981); *Mayer v. National Missile*

---

4. Article III, which is every bit as important in its circumscription of the judicial power of the United States as in its granting of that power, is not merely a troublesome hurdle to be overcome if possible so as to reach the "merits" of a lawsuit which a party desires to have adjudicated; it is a part of the basic charter promulgated by the Framers of the Constitution at Philadelphia in 1787, a charter which created a general government, provided for the interaction between that government and the governments of the several States, and was later amended so as to either enhance or limit its authority with respect to both States and individuals.
*Valley Forge Christian College,* 454 U.S. at 476, 102 S.Ct. at 761.

5. This determination is made by considering whether "the enjoyment of the right is inextricably bound up with the activity that the litigant wishes to pursue" and whether "the relationship between the litigant and the third party ... [is] such that the former is fully, or very nearly, as effective a proponent of the right as the latter." *Singleton,* 428 U.S. at 114–15, 96 S.Ct. at 2874–75.

*and Electronics, Inc.,* 326 F.2d 401, 402 (9th Cir.1964), quoting *Hamilton Trust Co. v. Cornucopia Mines Co.,* 223 F. 494 (1915) (" 'It is a fundamental rule of appellate jurisdiction that every person desiring to appeal from a decree must be interested in the subject matter of the litigation, and the interest must be immediate and pecuniary and not a remote consequence of the judgment.' ").

Our application of the standards set out above begins with an examination of the status of Allstate and Wayne County in the district court and the case law applying these standards in the insurance context. *Allen,* 104 S.Ct. at 3325 ("In many cases the standing question can be answered chiefly by comparing the allegations of the particular complaint to those made in prior standing cases."). For "a party without cognizable interest to proceed below is disqualified from prosecuting an appeal." *Ramos Colon v. U.S. Attorney for District of Puerto Rico,* 576 F.2d 1, 6 n. 10 (1st Cir.1978). Our conclusion that the district court was without jurisdiction to consider the alleged dispute between Allstate and Wayne County, and, therefore, that we lack jurisdiction to hear an appeal therefrom, is influenced by two factors: The absence of a present or threatened injury to either party and the speculative nature of the injury alleged.

First, we note that the tenuous legal obligations that the parties would have us adjudicate would arise from a finding in the state and federal actions that Russo and Wayne County are jointly and severally liable for Graves' damages. Wayne County foresees injury in the likelihood that 1) joint and several liability will be imposed; 2) Russo will fail to pay his share; 3) Wayne County will be required to pay the entire judgment; and 4) that Wayne County's right of contribution against Russo will be worthless unless Allstate as an insurer is required to pay Russo's share of the judgment. Allstate apparently similarly envisions its injury with respect to Wayne County unless its rights are declared herein.

That no injury was threatened to either party with respect to Allstate's duty to defend is evident from the narrowness of the district court's order in this case. The court held that "Plaintiff [Allstate] is not required to defend Joseph Russo in State Court Action Number 81 120839 NO filed in the Circuit Court for the County of Wayne, State of Michigan, nor in Action Number 82 72502 filed in the United States District Court for the Eastern District of Michigan, Southern Division." App. at 148. Under Michigan law it is clear that "[t]he duty of an insurance company to provide a defense to a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial." *Reurink Brothers Star Silo, Inc. v. Maryland Casualty Co.,* 131 Mich.App. 139, 142, 345 N.W.2d 659 (1983); *American States Insurance Co. v. Maryland Casualty Co.,* 587 F.Supp. 1549, 1551 (E.D.Mich.1984) ("Under Michigan law, it is well established that an insurer's duty to defend is independent of its duty to pay.") (footnote omitted); *Hoosier Casualty Co. v. Chimes, Inc.,* 95 F.Supp. 879, 883–84 (E.D.Mich.1951); *Guerdon Industries, Inc. v. Fidelity & Casualty Company of New York,* 371 Mich. 12, 18, 123 N.W.2d 143 (1963); *Celina Mutual Insurance Co. v. Citizens Insurance Co.,* 133 Mich.App. 655, 662, 349 N.W.2d 547 (1984) ("an insurer's obligation to defend does not depend on its eventual liability to pay."). *See also St. Paul Fire and Marine Insurance Company v. Parzen,* 569 F.Supp. 753, 755 (E.D.Mich.1983); *Insurance Company of North America v. Forty-Eight Insulations, Inc.,* 451 F.Supp. 1230, 1243 (E.D. Mich.1978), *aff'd,* 633 F.2d 1212 (6th Cir. 1980) (duty to defend is broader than duty to indemnify); *Space Conditioning, Inc. v. Insurance Company of North America,* 294 F.Supp. 1290, 1293 (E.D.Mich.1968); *American States Insurance Co. v. Stachowski,* 249 F.Supp. 189, 191–92 (E.D. Mich.1965). Further, even though an injured party may be deemed a third-party beneficiary with respect to the insurer's duty to indemnify, "it is manifest that plaintiff is not the intended recipient of

every obligation undertaken by the insurance company under that contract. An insurance company may have a duty to defend their insured in personal injury actions arising under the dramshop act or as otherwise provided in the insurance contract. Clearly this contractual obligation is not for the benefit of the injured party." *Lisiewski v. Countrywide Insurance Company,* 75 Mich.App. 631, 636, 255 N.W.2d 714 (1977); *Thrasher v. State Farm Fire and Casualty Co.,* 734 F.2d 637, 639 (11th Cir.1984) (non-party to contract cannot maintain action). *See also American Home Assurance Co. v. Liberty Mutual Insurance Co.,* 475 F.Supp. 1169, 1172 (E.D.Pa.1979).

■ Accordingly, Wayne County has no standing to assert Allstate's duty to defend Russo. Certainly Wayne County can demonstrate no threatened injury resulting from Allstate's failure to defend Russo. Wayne County does not allege any incompetency of Russo's counsel in the state court proceedings which, in fact, resulted in a jury verdict in favor of Wayne County and Russo. Likewise, Allstate had no standing to litigate the duty to defend issue against Wayne County since the duty to defend is a right affecting only the obligations of the insurer vis-a-vis the insured. Our conclusion that Wayne County would suffer no injury if Allstate was not required to defend compels the conclusion that Allstate suffered no "injury in fact" with respect to Wayne County. The district court's resolution of the scope of Allstate's duty to defend does not resolve Allstate's duty to indemnify Russo, and, therefore, can have no impact in the joint and several liability scenario envisioned by the parties.[6]

■ Further, even if the parties could demonstrate threatened injury, prudential limitations on our jurisdiction counsel against allowing Allstate and Wayne County to litigate Allstate's duty to defend Russo. Both parties seek to place as the centerpiece of the litigation between them the rights of a third party, Russo. However, since there are no obstacles preventing Russo from asserting his own rights, Allstate and Wayne County may not litigate those rights. Accordingly, the parties lack both "injury in fact" and prudential standing.

The cases involving actions among insurers, their insureds and third parties in the declaratory judgment context support this conclusion. While it is clear that the injured party, often the plaintiff in a state court action, has standing to adjudicate the rights of the insured vis-a-vis the insurer, *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) (statutory right of action); *Dairyland Insurance Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir.1981); *Automobile Underwriters Corp. v. Graves,* 489 F.2d 625, 627–28 (8th Cir.1973); *Hawkeye-Security Insurance Co. v. Schulte,* 302 F.2d 174, 177 (7th Cir.1962); see, however, *Indemnity Insurance Co. of North America v. Kellas,* 173 F.2d 120, 124 (1st Cir.1949), the courts have been reluctant to allow parties who assert no claim against the insured to litigate the insurer's obligations pursuant to the insurance contract.[7] This reluctance is reflected

---

**6.** The Supreme Court has intimated that standing may be conferred on defendants by the mere filing of a legal action, thereby precipitating the threatened injury. For "when the litigant asserts the rights of third parties defensively, as a bar to judgment against him ... [,] there is no Art. III standing problem; but the prudential question is governed by considerations closely related to the question whether a person in the litigant's position would have a right of action on the claim." *Warth,* 422 U.S. at 500 n. 12, 95 S.Ct. at 2206 n. 12. The cases cited in support of this proposition involved a potential award of damages against the defendants. Our conclusions that Allstate had no standing to commence this action against Wayne County and that prudential concerns limited our jurisdiction in this matter do not require further discussion of this issue.

Since the district court resolved only the issue of Allstate's duty to defend, we express no opinion on the standing of the parties to litigate Allstate's duty to indemnify.

**7.** Wayne County has not asserted a cross-claim in state or federal court against its co-defendant Russo.

in the cases which hold that multiple insurers have no standing to litigate their rights with respect to a common insured in the absence of a verdict against that insured. *Companion Assurance Co. v. Alliance Assurance Co.*, 585 F.Supp. 1382, 1385 (D. St. Croix 1984); *Chicago Freight Car Leasing Co. v. Martin Marietta Corp.*, 66 F.R.D. 400, 404 (N.D.Ill.1975); *Maryland Casualty Co. v. Transportation Underwriters*, 240 F.Supp. 192, 194 (N.D.Ohio 1965) ("We do not open our courts to furnish insurance companies with advisory opinions as to who may or may not be required to pay a claim which may or may not be awarded against either, both, or neither of two or more insurance companies."). In a sense, this case is analogous to the multiple insurer cases since the basis of Wayne County and Allstate's alleged controversy relates to which party might be obligated to pay a judgment against Russo. Therefore our conclusion finds support in both the constitution and the case law.

### B.

Even if the parties could establish standing, the closely related constitutional requirement of "ripeness" would prevent our adjudication of this dispute. The ripeness doctrine, likewise composed of jurisdictional and prudential components, *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir.1984); *Peick v. Pension Benefit Guaranty Corp.*, 724 F.2d 1247, 1261 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 3554, 82 L.Ed.2d 855 (1984), requires "us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration," *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515–16, 18 L.Ed.2d 681 (1967); *Pacific Gas & Electric Co. v. State Energy Resources Conservation and Development Commission*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983); *Peick v. Pension Benefit Guaranty Corp.*, 724 F.2d at 1261; *Kerr-McGee Chemical Corp. v. U.S. Department of Interior*, 709 F.2d 597, 600 (9th Cir.1983); *Wilson v. Robinson*, 668 F.2d 380, 384 (8th Cir.1981); *Young*, 652 F.2d at 625.

Numerous factors have been considered by the courts in determining whether issues are fit for consideration. These include the adverseness of the parties, and whether the legal issue in the case would be affected by further factual development. *Duke Power Co.*, 438 U.S. at 78, 98 S.Ct. at 2633 (question is ripe when court would be in no better position later to review the case). " 'Fitness' encompasses three concerns: whether a purely legal issue is presented, judicial efficiency, and finality." *Credit Union National Association v. National Credit Union Adm. Board*, 573 F.Supp. 586, 590 (D.D.C.1983). A factor highlighted by many courts is the likelihood that the asserted injury or anticipated events will occur. "For a case to be ripe, all that need be determined is whether the complained of conduct will in all likelihood occur." *Granville House, Inc. v. Department of Health and Human Services*, 550 F.Supp. 628, 631 (D.Minn.1982), *modified*, 715 F.2d 1292 (8th Cir.1983). See *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928 (4th Cir. 1977) (court found unripe for adjudication a party's suit for indemnification of damages which had not yet been assessed against the plaintiff). *See also Solo Cup Co. v. Federal Insurance Co.*, 619 F.2d 1178, 1189 (7th Cir.), *cert. denied*, 449 U.S. 1033, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980).

"[S]ince ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern." *Blanchette v. Connecticut General Insurance Corp.*, 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320 (1974) (footnote omitted). Several factors indicate that the dispute the parties seek to have adjudicated is speculative and unlikely to arise. For the issues that the parties seek to have adjudicated to arise the following events must occur: 1) the state court judgment must be reversed; 2) in a new trial, Russo and Wayne County must be found liable; 3) liability must be joint and several; 4) Russo

must fail to pay his share of the judgment; 5) Wayne County must pay more than its share of the judgment *and* establish its right to contribution from Russo and Allstate. *See* M.C.L.A. 600.2925a; *Board of County Road Commissioners of the County of Wayne v. American Airlines, Inc.*, 369 F.Supp. 698, 700 (E.D.Mich.1974). While we do not speculate on the likelihood that any of these particular events will occur, it is sufficient to note that the dispute the parties place before us lacks the immediacy required to invoke our jurisdiction. This conclusion is further compelled by the fact that under Michigan law contribution is not available for intentional acts. *Johnson v. Bundy*, 129 Mich.App. 393, 400, 342 N.W.2d 567 (1983); *Fidelity and Deposit Company of Maryland v. Newman*, 109 Mich.App. 620, 626, 311 N.W.2d 821 (1981). Although Graves does allege negligence in his state complaint, the principal charges in both federal and state court are of intentional acts. With respect to these charges, no right of contribution would arise, thereby rendering the issues currently presented before this court further hypothetical and abstract. "[U]nadorned speculation will not suffice to invoke the federal judicial power." *Simon*, 426 U.S. at 44, 96 S.Ct. at 1927. Accordingly, the issues the parties place before us are not ripe for adjudication.

## C.

While it may be desirable to have all parties tangentially related to a case joined therein, *Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co.*, 416 F.2d 707, 710 (7th Cir.1969), such joinder is not justified when it allows the court to engage in resolution of hypothetical and abstract questions.[8] Appellants, further, cite no reason for their failure to join Allstate as a defendant by filing a third-party complaint in the state courts, *New York Central Railroad Co. v. Colonial Stores, Inc.*, 332 F.Supp. 531, 534 (S.D.Ohio 1971), where the state has perhaps not so con-

fined its courts as our Constitution confines us.

Therefore, since Allstate and Wayne County lacked standing to contest the former's duty to defend Russo, the judgment of the district court with respect to Wayne County is vacated.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED with instructions to dismiss.

WELLFORD, Circuit Judge, concurring.

I concur in the result reached and in much of the reasoning set out by Judge Contie, particularly with respect to the principles of standing. The question in this case is whether Wayne County is a proper party to appeal the adverse decision rendered against Joseph Russo in the district court on his right to be defended by Allstate. The only interest Wayne County has in this appeal, it seems to me, is its concern about pursuing Russo, Allstate's insured, should Wayne County incur liability in a pending Michigan state court proceeding, now on appeal, based upon negligent entrustment, and should the state court hold that Russo, a Deputy Sheriff, was not at the time of the incident engaged in a "business pursuit" within the meaning of the Allstate policy.

In effect, the court holds that prudential limitations, "classified under the general rubric of 'standing,'" preclude Wayne County from pursuing this appeal, at the present time, because "Wayne County can demonstrate no threatened injury resulting from Allstate's failure to defend Russo." At the same time, this court, in footnote 6, expresses "no opinion on the standing of the parties to litigate Allstate's duty to *indemnify*." (Emphasis added). I recognize some authority to the effect that a non-insured party may appeal a holding that the insurer need not defend another party, *Dairlyland Insurance Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir.1981), but

---

**8.** While it may be that "equity" would have required dismissal of this action had the district court recognized the nonjusticiability of the

Wayne County-Allstate dispute, Fed.R.Civ.P. 19(b), in the absence of an appeal by all parties, this issue is not before us.

I agree that the circumstances here indicate a contrary result. I write separately to indicate my understanding that the court's decision does not preclude Wayne County from seeking possible indemnification or contribution from Allstate if the conditions are met whereby Wayne County is exposed to a substantial loss by reason of Russo's conduct. The uncertainties presented by *Brandon v. Holt,* —— U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), may be involved in the underlying Graves-Russo altercation.