798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. CARPENTER, Plaintiff-Appellant,
v.
BOARD OF ALLEN COUNTY COMMISSIONERS, et al., Defendants-Appellees.
 No. 85-3385.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1986.
 
 1
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO, District Judge*.
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. 551981, 1982, 1983 and 1985(3). Seeking monetary and injunctive relief, plaintiff sued the County Commissioners of Allen County, Ohio and its Board of Trustees, charging them with selective enforcement of their eminent domain powers, deprivation of his property in violation of due process and equal protection, libel, slander and malicious prosecution. Plaintiff explained that the defendants illegally condemned certain property owned by the Carpenter Company, of which he is primary shareholder, to enable the county to construct and operate a Civic Center facility. His efforts to stop the eminent domain proceedings were allegedly met by a conspiracy of many governmental officials, judges and prosecutors and his own lawyer who wanted to deprive plaintiff of his property and constitutional rights. Plaintiff's efforts to block the eminent domain proceedings included his attempts to remove the eminent domain proceedings to federal court and to sue many of the same defendants named in this suit under various civil rights statutes. The latter federal civil rights suit was diSMissed on the merits, and this Court affirmed the dismissal on appeal. Following plaintiff's unsuccessful attempt to remove the eminent domain proceedings from an Ohio state court, a jury awarded the owner of the land $34,000 as just compensation for the property, The judgment was affirmed on appeal. The state court of appeals rejected plaintiff's jurisdictional arguments and his arguments on the merits of the case due to plaintiff's lack of standing to challenge the condemnation proceedings. The Ohio Supreme Court declined review.
 
 
 3
 Upon review of the cause in light of all of the arguments raised by the parties in their respective appellate briefs, this Court concludes that the district court, after liberally construing the plaintiff's rambling allegations, properly dismissed plaintiff's suit for several reasons.
 
 
 4
 Plaintiff essentially sought review of the state court eminent domain proceedings in which he had already had a full and fair opportunity to litigate in the Ohio state courts. He cannot now, therefore, seek review of the state court judgment even if he seeks to raise federal constitutional issues. See District of Columbia Court of Feldman, 460 U.S. 462, 482-86 (1983); Johns v. Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985). Relitigation of plaintiff's claims are likewise barred by the doctrines of res judicata and collateral estoppel following the state court proceedings conducted on the merits, Lesher v, Lavrich, 784 F.2d 193, 194-96 (6th Cir. 1986), and in the aftermath Of plaintiff's previous suit brought in federal court in the names of his Michigan and Ohio corporations against many Of these same defendants, Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Plaintiff's suit also improperly sought a federal court to order state officials to conform their conduct to state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). By all appearances, it also appears that the plaintiff lacks standing to bring these claims. See Allstate Ins. Co., 760 F.2d 689 (6th Cir.1985). It was the plaintiff's Ohio company which owned the land in question, and even it has now transferred its interest in-the land to a Michigan corporation.
 
 
 5
 Plaintiff's claims also did not even state a claim of constitutional magnitude. Plaintiff claims he was a victim of unequal treatment by the defendants in violation of 42 U.S.C. Secs. 1981 and 1982 when they appropriated his land and not land belonging to others also affected by the project. This is not a claim of discrimination that is redressable under the civil rights act. It rather describes a necessary and legal result of any eminent domain proceeding; it is likewise devoid of any indicia of discriminatory intent. Cf . Smith v. Pan Am World Airways, 706 F.2d 771 (6th Cir. 1983); Winston v. Lear-Siegler, Inc., 558 F.2d 1266 (6th Cir. 1977). Plaintiff is also not a victim of any class based animus as a result of his being a World War II veteran or by operating a small family business. He, therefore, failed to state a claim under 42 U.S.C. Sec. 1985(3). Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Browder v. Tipton, 630 F.2d 1149, 1151-52 (6th Cir. 1980). Plaintiff's claim of deprivation of property in violation of due process asserted under 42 U.S.C. Sec. 1983 also is unavailing because he had available to him Ohio state court remedies which were adequate to redress his claimed deprivations. See Hudson v. Palmer, 468 U.S. 517 (1984); Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150, 152 (6th Cir. 1985) . To a great extent, plaintiff's allegations are, indeed, mere conclusions and opinions devoid of factual support; they are, therefore, insufficient to state a valid cause of action under any of the civil rights statutes. See Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979) ; Bryan v. Stillwater Bd. of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971). In addition, with the dismissal of plaintiff's federal claims, the district court properly declined to exercise pendent jurisdiction over plaintiff's state law tort claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966); Lee v. Western Reserve Psychiatric Habilitation Center, 747 F.2d 1062, 1069 (6th Cir. 1984).
 
 
 6
 Under all the circumstances, we also conclude that the plaintiff's claim of bias against the United States Magistrate was frivolous, and his request for recusal was, therefore, properly denied. See United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34 (a) , Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9 (d) (3) , Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E . DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation