884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Khalil Ullah AL-MUHAYMIN; Gregory Smith; Jaki Mahammad;
Lee Coleman, Plaintiffs-Appellants,
v.
Otie JONES; Archie Goddard; Steve Norris, Defendants-Appellees.
 No. 89-5191.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 Before RALPH B. GUY, Jr., BOGGS and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Khalil Ullah Al-Muhaymin, Gregory Smith, Jani Mahammad and Lee coleman, all pro se Tennessee prisoners, appeal the district court's order dismissing their civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examina;tion of the record and the briefs, this panle unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, plaintiffs, on behalf of themselves and other black prisoners simularly situated, sued the Commissioner of the Tennessee Department of Corrections and the Warden and Associate Warden of Security at Brushy Mountain State Prison (BMSP), claiming their rights were and are being violated due to alleged discriminatory practices against black prisoners at BMSP with regard to disciplinary procedures there. Plaintiffs' motion for class action certification was denied. The district court granted the motion for defendants and dismissed plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs filed a late motion for reconsideration which the district court ultimately denied. In the meantime, plaintiffs filed a timely appeal from the district court's order dismissing his suit.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed plaintiffs' action because they lacked standing to bring the action. See Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1394 (6th Cir.1987). The standing doctrine limits the judicial power of the federal court to parties who demonstrate "injury in fact." Allstate Ins. Co. v. Wayne County, 760 F.2d 689, 692 (1985). Plaintiffs' complaint contains neither allegations of specific incidents of discrimination nor evidence of any disciplinary rules which are unconstitutional on their face or as applied. Although plaintiffs allege that black inmates are more likely to be charged with certain disciplinary offenses which they describe as "subjective," they have not alleged that they have personally been written-up, convicted, or that they have received disproportionately harsh penalties from the disciplinary board on account of their race. As plaintiffs failed to allege a personal stake in the outcome of the alleged controversy, they failed to establish an existing case or controversy, and their suit was thus properly dismissed. See O'Shea v. Littleton, 414 U.S. 488 91974).
 
 
 4
 Accordingly, the district court's order is hereby awffirmed. Rule 9(b)(5), Rules of the Sixth Circuit.