Syd H. LEVINE, Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.

No. 01–3072.

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2003.

Before GUY, SILER and
BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Pro se plaintiff, Syd Levine, appeals a decision by the United States Environmental Protection Agency (EPA) Environmental Appeals Board (EAB) denying further review of technical restrictions imposed by two Underground Injection Control (UIC) permits issued to Jett Black, Inc. Respondent has moved to dismiss Levine's appeal for lack of standing. We will grant the motion.

## BACKGROUND

Jett Black, Inc. owns several oil and gas leases in the Easton Consolidated Field in Hancock County, Kentucky, including the Randolph–Boling Lease and Boling–Richards Unit Lease, both of which are subject to the permit restrictions challenged in this appeal. Levine lives near the leaseholds and has a water well on his property, and is listed by the Kentucky Secretary of State as Jett Black's agent.

In 1988, Panther Creek Oil Company (Panther) and Cranoil Kentucky, Inc. (Cranoil), the previous owners of the leases, notified EPA that they were operating seven injection wells without complying with applicable UIC regulations. Following the notice, Panther and Cranoil entered into an Administrative Order on Consent (AOC) with EPA Region Four requiring that they submit a UIC permit application by June 30, 1989.

On June 30, 1989, the successor to Panther, Kenneth R. Ingle Associates (now known as Jett Black) submitted the permit applications. Region Four, after Jett Black submitted amended applications on its request, issued final permits. Jett Black and Levine filed petitions for review listing twenty-one issues. The EAB remanded seven of the issues, two of which are the subject of this appeal.

The first issue involves Annulus Fluid— is the space between two strings of tubulars, as in the space between tubing and casing. Section I.C.2. of the original permit stated "[t]he annulus between the tubing and the long-string casing shall be filled with brine or other fluid as approved by the director." Jett Black and Levine wanted to use annulus gel as an annulus fluid and argued in their comments that Region Four had previously approved annulus gel. The EAB determined that EPA's explanation for rejecting Jett Black and Levine's request to use annulus gel was inadequate. On remand, the EAB ordered Region Four to approve the use of annular gel or provide a more complete explanation for rejecting the request. EPA responded with a letter stating that the Region found no instance where gel was approved for use as an annular fluid

and the Region feared the gel would not inhibit corrosion in the annular area.

The second issue involved the Annulus Status. The original permit required a closed annulus for monitoring and maintaining the annulus pressure at 0 pounds per square inch. Because Region Four failed to respond to Jett Black and Levine's contention that an open annulus is preferred to a closed annulus, the EAB remanded for further explanation. In response, EPA described how with a closed annulus, any leak in the injection tubing would result in a change of pressure, notifying those monitoring the well of the leak. Although in the case of shallow injection wells with an open annulus it is possible visually to detect some leaks from the injection tubing, other leaks, such as a leak of the outer casing, would not necessarily be visible to the naked eye. With a closed annulus, however, virtually any leak would result in a pressure change and would therefore be detected.

After EPA responded, issuing the final permits with the two technical requirements remaining, Jett Black and Levine petitioned for further review. The EAB denied further review and Levine alone appealed to this court.

## ANALYSIS

Constitutional standing under Article III has three elements. First, the plaintiff "must have suffered an injury in fact ... which is (a) concrete and particularized ... (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (internal quotations and citations omitted). Second, there must be "a causal connection between the injury and the conduct complained of." *Id.* Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted);

*accord Michigan Gas Co. v. FERC,* 115 F.3d 1266, 1270 (6th Cir.1997). To prove injury in fact, a petitioner must show he is "himself among the injured." *Lujan,* 504 U.S. at 563.

Beyond the constitutional requirements, this court recognizes three additional prudential standing restrictions. *See Coyne v. American Tobacco Co.,* 183 F.3d 488 (6th Cir.1999). "Perhaps most prominent ... is that a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights of third parties." *Allstate Ins. Co. v. Wayne County,* 760 F.2d 689, 693 (6th Cir.1985) (internal quotations and citations omitted).

Levine cannot meet either the constitutional or the prudential requirements for standing. His claim that his domicile "is very close to the subject injection wells" and his domestic water supply is at risk from the effect of EPA's restrictions is unsupported by the record and was never raised prior to this appeal. It is Levine's burden to demonstrate an injury in fact, *Steel Co. v. Citizens for Better Env't.,* 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), a burden he has not met here. At best, this claim presents a hypothetical risk of injury.

Levine further alleges he "will almost certainly" work on the Boling–Richards Unit lease injection wells in the future and will thereby be subject to EPA enforcement which may result in "excessive economic burdens." The EPA enforcement at an unspecified future time creating an unspecified economic burden raises another hypothetical risk of injury and the record contains no proof of a causal connection between the nonspecific hypothetical injury and the challenged regulations. *Michigan Gas Co.,* 115 F.3d at 1270.

Finally, the EPA issued these permits to Jett Black, which has not appealed the

restrictions which Levine attempts to challenge here. Levine cannot rest his claim on the legal rights of Jett Black. *Allstate Ins. Co.*, 760 F.2d at 693. Accordingly, we hold that Levine has failed to carry his burden of establishing that he has standing to pursue this appeal.

## CONCLUSION

For the forgoing reasons, we GRANT the Respondent's motion and DISMISS the Petitioner's claim.