In re EVANS PRODUCTS COMPANY, et al., Debtors.

Nos. 86–1574–Civ., 86–1607–Civ.

United States District Court, S.D. Florida, Miami Division.

Oct. 2, 1986.

Patrick A. Murphy, William P. Weintraub, Murphy, Weir & Butler, San Francisco, Cal., for Bank of America.

Richard S. Grey, Morris W. Hirsch, Pillsbury, Madison & Sutro, San Francisco, Cal., for Lenders.

Francis L. Carter, Steel, Hector & Davis, Miami, Fla., for Unsecured Creditors' Committees.

Robert A. Mark, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, Bruce M. Greer, Greer, Homer, Cope & Bonner, Miami, Fla., Mitchel R. Perkiel, Levin & Weintraub & Crames, New York City, for debtors.

David Frauman, Stephen J. Blauner, Selinda Melnik, Milbank, Tweed, Hadley & McCloy, New York City, Patrick Barry, English, McCaughan & O'Bryan, Ft. Lauderdale, Fla., for Committee of Non-Insiders Equity Security Holders.

Gordon Robinson, Atlanta, Ga., for Securities & Exchange Comm.

John Rodgers Camp, Patrick Scott, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., Mark Kaufman, Ezra Cohen, Troutman, Sanders, Lockman & Ashmore, Atlanta, Ga., for Retail Group Creditor's Comm.

## ORDER

HASTINGS, District Judge.

THIS CAUSE comes before the court upon appeals from the Order of the Bankruptcy Court confirming the Creditors Joint Plan of Reorganization. The appeals have been consolidated.

Appellants in case 86–1574–Civ–HASTINGS are the eight affiliated debtor corporations: Evans Products Co.; Grossman's, Inc.; Evans Financial Corporation (EFC); Lindsley, Inc.; PIC Holding Co.; HMC Funding Corp; Evans Steel City, Inc. and Rand Acceptance Corporation. The debtors are engaged mainly in the retail distribution of building materials.

Appellant in Case 86–1607–Civ–HASTINGS is the Official Committee of Non-Insider Equity Security Holders which represents approximately 17,000 non-insider shareholders of Evans.

Appellees are the Official Unsecured Creditors' Committee of the Retail Group of Evans Products. This Committee represents about 6,000 trade creditors who are owed approximately $130 million. Additionally, the Officials Unsecured Creditors' Committees of Evans Products and Evans

Financial Corp. and Bank of America N.T. & S.A. as agent and collateral agent for a group of twenty-two lenders are also appellees herein. In total, more than 17,000 creditors are owed in excess of $665 million.

## I. PROCEDURAL BACKGROUND

On March 11, Evans Products and the seven affiliated corporations filed petitions for reorganization under 11 U.S.C. § 301. The debtors continued in the management and operation of the businesses pursuant to § 1107 and § 1108. The Chapter 11 cases were jointly administered by the Bankruptcy Court.

The Lender's Plan (Appellees) was confirmed by the Bankruptcy Judge on July 2, 1986. The Plan provides that the debtors will be reorganized into a surviving corporation known as Reorganized Grossman's. The creditors are to receive cash, debt securities and common stock in the reorganized company. The existing shareholders' stock will be cancelled on the Plan's effective date of October 16, 1986. Naturally the debtors and their shareholders are opposed to the Plan since their interests are "crammed-down." The Appellants raise various alleged defects in the Plan which they assert make the Plan unconfirmable.

Because the distribution to creditors and annihilation of equity interests is set to occur on October 16, 1986 this Court has undertaken to consider these matters in an expeditious fashion.

## II. STANDARD OF REVIEW

■ The findings of fact of the Bankruptcy Court are reversible only if clearly erroneous. Bankruptcy Rule 8013; *Matter of Missionary Baptist Foundation of America;* 712 F.2d 206 (5th Cir.1983). Conclusions of law are freely reviewable, however. *Matter of Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir.1980). If the Bankruptcy Court's findings are inadequate for purposes of review, the clearly erroneous standard may be discarded. *Holywell Corp. v. Bank of New York,* 59 B.R. 340 (S.D.Fla.1985). Transcripts of the hearings

before the bankruptcy below can be deemed to supplement the Bankruptcy Judge's order. *Id.* at 343.

## III. STANDARD FOR CONFIRMATION

The standards for confirmation of a reorganization plan are provided in 11 U.S.C. § 1129.

■ A plan must conform to all applicable provisions of the Chapter. § 1129(a)(1). The plan must be fair and equitable to each class of claims impaired under the plan and that has not accepted the plan. § 1129(b)(1). In this case the stock-holders (classes 16–20) are deemed to have rejected the plan. § 1126(g). Notwithstanding this rejection, the plan should be confirmed if the debtor is not solvent and no specific group of creditors are recovering more than 100% of their claims. *Matter of King Resources Co.,* 651 F.2d 1326, 1339 (10th Cir.1980). *See also, In re Moulded Products, Inc.,* 474 F.2d 220, 225 (8th Cir.1973).

■ The absolute priority rule precludes the participation of equity interests in assets until the creditors have been made whole. *Consolidated Rock Products Co., v. DuBois,* 312 U.S. 510, 520, 61 S.Ct. 675, 682, 85 L.Ed. 982 (1941); *Case v. Los Angeles Lumber Co.,* 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939).

## IV. APPELLANTS' OBJECTIONS TO THE PLAN

The Appellants point out a number of alleged defects in the Plan which they claim caused the Plan to fail to meet the requirements of § 1129. These objections include the following points:

(1) The Plan improperly classifies the Lenders' claims;

(2) the Plan eliminates intercompany debt;

(3) the Lenders' Grossman Guarantee claim is treated more favorably than other unsecured classes;

(4) Class 12 creditors' claims were settled without notice to the affected class in the modification of the Plan;

(5) the modification of the plan was confirmed without resolicitation of votes;

(6) the Bankruptcy Court refused to continue the confirmation hearing where the modifications were filed just prior to the hearing;

(7) the debtor's estates were consolidated without support therefore;

(8) the Plan discriminates against small claimants;

(9) distribution of debt securities does not comply with the Trust Indenture Act of 1939;

(10) the Plan provides for distribution to a class of Lenders in excess of 100% of their claims;

(11) value of Reorganized Grossman's securities.

A determination that the value of Reorganized Grossman's securities is greater than the debt owed to creditors would permit participation by the equity interests. Judge Britton found that the value of the Reorganized Grossman's securities fell far short of satisfying all debts owed.

■ With regard to points 1–10 Appellants complain that Judge Britton should have entered specific findings on whether § 1129 was satisfied on each issue. Bankruptcy Rule 9014 provides that Bankruptcy Rule 7052 requiring findings applies to contested matters such as confirmation hearings. *Holywell Corp. vs. Bank of New York, supra,* 59 B.R. at 344.

In this instance, Judge Britton made conclusory findings on these issues that the Plan did comport with all requirements of § 1129. While it would have been preferable for Judge Britton to explain the factual basis and reasoning upon which his findings were made, this Court cannot say they are clearly erroneous.

Even if Judge Britton's findings are deficient for purposes of appellate review, the Court is satisfied that Appellants lack standing to raise these issues.

## V. STANDING

■ Appellants have standing only to challenge those parts of a reorganization plan that affects their direct interests. *In re Sweetwater,* 57 B.R. 743, 746 (D.Utah 1985); debtors lack standing to raise the rights of wrongly classified creditors as a means to attack the overall reorganization plan. *Holywell Corp. vs. Bank of New York,* 59 B.R. 340, 349 (S.D.Fla.1986).

■ In order to have standing to appeal, the Appellant must be an aggrieved person—directly adversely affected pecuniarily by the order of the Bankruptcy Court. *In re Sweetwater, supra* 57 B.R. at 746; *Holywell, supra,* 59 B.R. at 349–50.

■ With regard to those issues raised in points 1–10, Appellants seek to raise the rights of creditors *vis a vis* each other. As illustrated by the cases above, Appellants lack standing to do so. With regard to each of these points, a determination that Appellants are correct will in no way affect their rights under the Plan, therefore, they are not aggrieved persons.

Two of these issues were more specifically addressed by the Bankruptcy Court and this Court now reviews them as illustrative of Appellants' lack of standing.

### A. *Modification of the Plan*

■ Appellants argue that certain claims of Class 12 unsecured creditors were settled by the Examiner and incorporated into the Plan modification without notice to these creditors.

This issue was addressed at the Hearing on Motions for Rehearing before Judge Britton. He found that the Plan modification did not adversely change the treatment of any creditor who has not approved the modification. (Memorandum Decision at 1)

A Class 12 creditor, Minnesota Power & Light, raised the issue of lack of notice at the rehearing. It has not joined in this appeal. The issue of standing was lucidly addressed in *In re Snyder,* 56 B.R. 1007, 1011 (N.D.Ind.1986):

Here [the debtor] has not alleged any particular injury to himself ... Rather,

he advocates reversal of the order approving the disclosure statement on the grounds that certain classes of creditors were misled by the disclosure statement. Those are claims to be raised by those creditors, not [the debtor]. Despite [the debtor's] persistent objections to the adequacy of the disclosure statement no creditor has sought to object, to join this appeal seeking a reversal of the order approving the statement, or to change its vote on the Bank's proposed plan of liquidation.

█ So it is here. All issues directed to any settlement or modification of Class 12 claims must be raised by Class 12 creditors. Although Minnesota Power & Light objected, it did not join this appeal. If it was not satisfied with the Bankruptcy Court's order it was free to do so.

It defies logic to allow the debtors and equity interests holders to raise the right of creditors in order to challenge the overall Plan, when those creditors do not wish those rights to be raised—where in fact the interests of the Appellants appear to be diametrically opposed to those of the creditors.

### B. *Grossman Guarantee Claim*

█ Appellants argue that the Grossman Guarantee claim is worth $61.3 million rather than the $86.4 million claimed by the Lenders. If true, the Lenders would receive more than 100% of their claim. This would violate the "fair and equitable" requirement of § 1129(b)(1).

The Appellants again have no standing to raise this issue because the amount the Lenders are to receive under the Grossman Guarantee claim is an accommodation made among the creditors. Only the creditors rights *vis a vis* each other would be affected—Appellants inability to participate would not be changed under the absolute priority rule.

Notwithstanding the lack of standing, Judge Britton specifically found at the Hearing on Rehearing that he was unimpressed with debtor's witness on this issue (Tr. at 48) and found that the evidence demonstrated the Lenders would not be receiving more than 100% of their claim. (Tr. at 47). This finding is not clearly erroneous based on the record.

█ Finally, Appellants position on standing was expertly articulated by Mr. Blauner at the hearing: If the Creditor's Plan is stricken because of the alleged infirmities Appellants have raised, the confirmation process will begin anew. The Appellants would have the possibility to negotiate for themselves a more favorable outcome. This type of speculative benefit was raised and rejected in *In re Snyder, supra,* 56 B.R. at 1011. This argument clearly does not confer standing here because the shortfall of assets prevent the Appellants from having any *right* to participate in the distribution pursuant to § 1129(b).

For those reasons, this court finds that Appellants have no standing to attack the Plan upon any issue but valuation of the estate.

### VI.  VALUE OF THE ESTATE

█ Clearly the Appellants have standing to raise the issue of valuation. The Bankruptcy Court stated:

> the heart of the controversy was the valuation issue which would go to the question of whether or not it was appropriate to freeze out the shareholders …

(Tr. of Rehearing at 49).

█ On this issue factual findings from the Bankruptcy Court are crucial. The Bankruptcy Judge held a hearing on this issue and made specific findings. He accepted the valuation opinions of experts Newman, Washkowitz and Nicols that the value of the Reorganized Grossman's equity will be $112.5 million. Judge Britton specifically rejected the conflicting testimony of Brumberger that the stock will be worth from $450 to $500 million. Judge Britton found the valuation testimony of Brumberger to have been "completely demolished." (Tr. of Rehearing at 47).

A review of the record below shows that Brumberger's testimony was impeached by

a prior inconsistent valuation contained in the debtor's report (Tr. of confirmation hearing at 280–281) and his testimony was generally unpersuasive.

The Bankruptcy Judge was not clearly erroneous in accepting the value at $112.5 million. Furthermore, there is no evidence that any aggregation of assets of the estate approach the amount of debt owed the creditors so as to permit participation by the shareholders.

The Appellants challenge the "conservative" standard applied by Judge Britton to the valuation. They argue that the application of a more flexible standard would have yielded a higher valuation so as to protect the shareholder's interests. Rather than a flexible valuation standard, the Supreme Court has held that "unless meticulous regard for earning capacity be had, indefensible participation of junior securities in plans of reorganization may result." *Consolidated Rock Products vs. DuBois*, 312 U.S. 510, 525, 61 S.Ct. 675, 684, 85 L.Ed. 982 (1941). Clearly the thrust of this "meticulous regard" standard is that the senior creditors' interest must be protected rather than applying a more liberal valuation standard which might allow the junior interests to participate at the expense of the senior interests. Therefore, the Bankruptcy Judge's application of a "conservative" valuation standard was proper.

The Bankruptcy Judge's findings on this crucial valuation issue were neither clearly erroneous nor so deficient as to disallow careful review and his order will therefore be affirmed.

It is most unfortunate that equity interests are wiped out under the Plan. However, upon careful review of the briefs of the parties, transcripts of the hearings below and pertinent parts of the records, and upon consideration of the excellent oral arguments presented to the Court by both sides on September 26, 1986, it is hereby

ORDERED AND ADJUDGED that the Orders of the Bankruptcy Judge Confirming the Plan and Denial of Motions on

Rehearing are AFFIRMED. The appeals are hereby DISMISSED.