**In re UMPQUA SHOPPING
CENTER, INC., Debtor.**

**Louis E. TIPPET, Mary C. Bowman,
Lester W. Thompson, and D.W.
Martin, Appellees,**

v.

**UMPQUA SHOPPING CENTER,
INC., Appellant.**

**BAP No. OR–89–1630 VAsR.
Bankruptcy No. 688–61007–R11.**

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted: Jan. 19, 1990.

Decided: Feb. 28, 1990.

**304**

John D. Rittenhouse, Karp & Richardson, San Diego, Cal., for appellant.

Robert J. Sullivan, Schwabe, Williamson & Wyatt, Portland, Or., for appellees.

Before: VOLINN, ASHLAND and RUSSELL, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

## OVERVIEW

The debtor appeals from the order confirming a chapter 11 reorganization plan ("the Plan") that was proposed by the appellees, who are secured creditors of the debtor. The Plan treated the unsecured claims of a particular unsecured creditor, San Ysidro Associates III ("SYA"), as subordinate to the other unsecured creditors' claims.[1] In the view of the appellees and the bankruptcy court, SYA is an insider of the debtor and for that reason it was appropriate for the Plan to treat SYA's claim differently from the other creditors' unsecured claims. The debtor asserts that SYA is not an insider of the debtor, and therefore that the Plan discriminates unfairly against SYA in violation of § 1129(b) and for that reason should not have been confirmed. We DISMISS because the debtor lacks standing to bring this appeal.

## FACTS

The debtor is a corporation that owns and operates a shopping center known as Umpqua Shopping Center. The debtor's sole shareholders are Juan F. Orendain, who owns 15 percent of the shares, and Jose L. Rivas, who owns 85 percent of the shares. Mr. Orendain is also the president and a director of the debtor.

SYA is a partnership formed for the purpose of investing in real estate and loans secured by real estate, and is an unsecured creditor of the debtor. Mr. Rivas and his wife, Matilda C. Rivas, together own 85 percent of SYA,[2] and Mr. Orendain owns 15 percent of SYA.

San Ysidro Realty ("SYR") is a trade name that Mr. Orendain uses in his capacity as the debtor's property manager for Umpqua Shopping Center.

The appellees, Louis Tippet, Mary C. Bowman, D.W. Martin, and Lester W. Thompson, are creditors who hold a claim

---

1. The unsecured claim of a second creditor, San Ysidro Realty, is classified with and receives the same treatment as SYA's claim. The unsecured claims of those two creditors are treated as subordinate to the claims of all other unsecured creditors. The appellant has appealed only with respect to the treatment of SYA's claim, and makes no arguments with respect to the claim of San Ysidro Realty, so we omit the latter from this discussion.

2. The Appellant's Opening Brief states that Mr. Rivas and Mr. Orendain together own 52.7 percent of SYA, with no citation to the record. The Appellees' Brief states that Mr. Rivas and his wife together own 85 percent of SYA in equal shares (which would amount to 42.5 percent each), and that Mr. Orendain owns 15 percent, citing to testimony in the record to that effect. Based on the latter figures, Mr. Rivas and Mr. Orendain together should own 57.5 percent, not 52.7 percent. This difference is not material, and because the appellees' figures are supported by a citation to the record while the appellant's figures are not, we will adopt the appellee's figures and assume that the appellant's figures are erroneous.

secured by an interest in the real property on which Umpqua Shopping Center is located.

The appellees proposed the Plan and the court below confirmed it over the debtor's objection. Under the Plan, Class 4 claims consist of the unsecured claims of SYA and SYR, and Class 3 claims consist of all other unsecured claims. The Plan provides for the payment of Class 3 claims in full upon confirmation, but provides for the payment of Class 4 claims only if Umpqua Shopping Center is sold within one year of the effective date of the Plan, and even then, only to the extent that the sale proceeds exceed the amount necessary to satisfy all secured and Class 3 unsecured claims. The Plan provides for no payment on Class 4 claims if Umpqua Shopping Center is not sold within one year of the effective date of the Plan.

The debtor objected to confirmation of the Plan on the basis that it unfairly discriminated against the Class 4 claims. The appellees argued that the difference in the treatment of Class 3 and Class 4 claims was justified because the holders of the Class 4 claims were insiders of the debtor.

## DISCUSSION

█ In order to have standing to appeal, an appellant must have a direct and immediate interest in the subject of the appeal. *In re Fondiller*, 707 F.2d 441 (9th Cir. 1983); *Sec. & Exch. Comm'n v. Sec. Northwest, Inc.*, 573 F.2d 622, 626 (9th Cir.1978); *Mayer v. Nat'l Missile & Electronics, Inc.*, 326 F.2d 401, 402 (9th Cir. 1964). Here, the appealed confirmation order does affect the debtor directly; it determines the very nature of the reorganization of the debtor's business.

However, the fact that the appealed order directly affects the debtor does not by itself confer standing upon the debtor. Even though directly affected by an appealed order, an appellant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354–55 (citations omitted); *accord Singleton v. Wulff*, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826, 832; *Sec. & Exch. Comm'n v. Sec. Northwest, Inc.*, 573 F.2d 622, 626 (9th Cir.1978); *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2nd Cir.1988).

Generally, litigants in federal court are barred from asserting the constitutional and statutory rights of others in an effort to obtain relief for injury to themselves.

843 F.2d at 643 (2nd Cir.1988) (citations omitted).

█ The policies motivating this limitation on standing are particularly relevant in the context of the confirmation of a chapter 11 reorganization plan. *Id.* at 644.

Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that other party is present in the proceedings and is capable of representing himself. Third-party standing is of special concern in the bankruptcy context where, as here, one constituency before the court seeks to disturb a plan of reorganization based on the rights of third parties who apparently favor the plan.

*Id.* The debtor's objection to the confirmation order is based entirely on the fact that the plan effectively subordinates SYA's claim to the other unsecured claims. SYA, however, has not appealed the confirmation order. The debtor makes no argument that it is harmed by the classification scheme to which it objects.[3]

Appellants have standing only to challenge those parts of a reorganization plan that affects [sic] their direct interests. [D]ebtors lack standing to raise

---

**3.** The subordination of SYA's claim harms the debtor only to the extent of the identity of interest between SYA and the debtor. Similarly, SYA is one of the "third parties who apparently favor the plan," mentioned in the above quotation from the *Johns–Manville* case, unless such an identity of interests is presumed. The debtor's entire argument, however, is based on establishing that SYA and the debtor are separate and distinct entities. Thus the debtor cannot establish standing without undermining its argument on the merits of the appeal.

the rights of wrongly classified creditors as a means to attack the overall reorganization plan.

*In re Evans Prod. Co.*, 65 B.R. 870, 874 (S.D.Fla.1986) (citations omitted); *accord Holywell Corp. v. Bank of New York*, 59 B.R. 340, 349 (S.D.Fla.1986); *In re Sweetwater*, 57 B.R. 743, 746–47 (D.Utah 1985). Accordingly the debtor lacks standing to appeal the confirmation order based on the alleged unfair discrimination against the Class 4 claims,[4] and this appeal is hereby DISMISSED.

---

**4.** We do not reach the substantive legal issue of whether SYA's status as an insider, by itself, is a sufficient basis to justify the subordination of SYA's claim. The debtor argues only that SYA is not an insider and that the Plan unfairly discriminates against SYA, and we hold that the debtor lacks standing to appeal the confirmation order on that basis.