In re David P. PARKER, Sr., Debtor.

**McCLELLAN FEDERAL CREDIT UNION, Appellant,**

v.

**David P. PARKER, Sr., Appellee.**

BAP No. EC–95–1828–RBMe.

Bankruptcy No. 95–23730–C–7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 22, 1996.

Decided March 14, 1996.

---

Larry J. Cox, Peter A. Buck, Sacramento, CA, for Appellant.

David P. Parker, Sr., North Highlands, CA, appellant in pro. per.

Before: RUSSELL, BARR [1], and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

An in *propria persona* chapter 7 [2] debtor filed a motion to reaffirm a secured car loan and an unsecured credit card debt owed to the same creditor. The bankruptcy court denied the debtor's motion. The creditor appeals. We DISMISS because the creditor lacks standing to bring this appeal.

## I. FACTS

On April 28, 1995, David P. Parker, Sr., an in *propria persona* debtor ("debtor"), filed a chapter 7 bankruptcy petition along with a statement of intention pursuant to § 521(2)(A).

On June 21, 1995, the debtor filed a motion to reaffirm his debt with McClellan Federal Credit Union ("McClellan" or "creditor"). The reaffirmation agreement ("agreement") included two separate obligations, one an unsecured credit card debt in the amount of

---

1. Hon. James N. Barr, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and Rule reference are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

$1,986.50 and the other a secured debt in the amount of $9,977.56. The latter was secured by an automobile with a fair market value of between $9,000 and $10,000, and the debtor was current on these payments.

On July 19, 1995, at the reaffirmation hearing, the bankruptcy court denied the debtor's motion on the ground that the debtor was current on his secured payments and, therefore, it was not necessary to reaffirm the secured debt.[3] With respect to the unsecured debt, the bankruptcy court concluded that the debtor could continue to make payments to McClellan if he elected to do so, but the court would not order it.

On August 18, 1995, the bankruptcy court granted the debtor a discharge. McClellan appeals the bankruptcy court's order denying the debtor's motion to approve the reaffirmation agreement.

## II. ISSUE

Whether a creditor, whose debt the debtor has agreed to reaffirm, has standing to appeal the bankruptcy court's order denying the debtor's motion to approve the reaffirmation agreement.

## III. STANDARD OF REVIEW

■ Standing represents a jurisdictional requirement which is open to review at all stages of the litigation. *National Org. For Women, Inc. v. Scheidler,* —— U.S. ——, ——, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). Whether an entity has standing to appeal is a question of law reviewed *de novo. Barrus v. Sylvania,* 55 F.3d 468, 469 (9th Cir.1995); *see also Board of County Comm'rs v. W.H.I., Inc.,* 992 F.2d 1061, 1063 (10th Cir.1993).

**3.** The bankruptcy court's reasoning appears to be based upon a line of cases holding that under § 521(2)(A), a nondefaulting debtor need not affirm, redeem or surrender the collateral, but may retain it and continue making payments. *In re Weir,* 173 B.R. 682, 692 (Bankr.E.D.Cal.1994); *see also In re Belanger,* 962 F.2d 345 (4th Cir. 1992); *Lowry Fed. Cred. Union v. West,* 882 F.2d 1543 (10th Cir.1989).

**4.** The creditor also contends that by allowing the debtor to retain the property and to continue making payments, we are in effect allowing the

## IV. DISCUSSION

*McClellan's standing to appeal*

■ The Ninth Circuit has adopted the "aggrieved person" test for determining whether an entity has standing. *Matter of Fondiller,* 707 F.2d 441, 443 (9th Cir.1983). Under the aggrieved person standard, only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal that order. *Id.* at 442. The appellant must demonstrate that the order diminished its property, increased its burdens or detrimentally affected its rights. *Id.*

■ To have standing to appeal, an appellant must also assert that its own legal rights and interests were directly affected by the order. An appellant cannot rest his claim for relief on the legal rights or interests of another. *Umpqua Shopping Ctr.,* 111 B.R. 303, 305 (9th Cir. BAP 1990) (*citing Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)).

■ Although McClellan was a party to the debtor's proposed reaffirmation agreement, it does not appear that McClellan was adversely affected pecuniarily as a result of the bankruptcy court's order. Even though the agreement was not approved, the debtor remained obligated to repay his secured debt to McClellan or surrender the collateral in satisfaction of the debt. § 521(2)(A). The order did not detrimentally affect a "right" by McClellan to receive payment on the unsecured debt because while the agreement may have provided for this debt to be repaid, McClellan did not have a right to this payment because the unsecured debt was otherwise dischargeable.[4] Merely being a party to the agreement did not confer standing on

debtor to redeem the property by installment which is not allowed by § 722.

In response, we note that the issue of redemption is not before this Panel because the appellant did not present it as a formal issue on appeal. In addition, under § 722 the debtor is only required to pay the creditor the market value of the collateral. *See, e.g., In re Avila,* 83 B.R. 6, 7 (9th Cir. BAP 1987). Here, the debtor is paying the creditor in full according to the terms of the original agreement.

McClellan to appeal the bankruptcy court's order.

▆▆▆ In addition, the substance of McClellan's argument on appeal is that the agreement should have been approved because it satisfied the requirements of § 524(c)(6)(A)[5], namely, that the agreement was in the debtor's best interest and that it did not impose any undue hardship on the debtor. In sum, McClellan's appeal is based entirely on its assertion that the agreement benefitted the debtor's interests and, therefore, should have been approved. While the debtor could have prosecuted this appeal based upon whether the agreement was in his best interest, McClellan cannot. *See Umpqua Shopping Ctr.*, 111 B.R. at 305 (holding that a debtor cannot appeal a confirmation order on the basis that it unfairly discriminates against a class of claims). Standing requires that an appellant rest its claim for relief on its own legal rights or interests.[6] *Id.* at 305.

We conclude that McClellan lacks standing to appeal because it is not an aggrieved entity under the *Fondiller* standard and because its claim for relief rests on the interests of the debtor.

## V. CONCLUSION

▆▆▆ Just as the right to seek approval of a reaffirmation agreement lies solely with the debtor, it also appears that it is the debtor's exclusive right to appeal an order denying his motion to approve a reaffirmation agree-

ment. Fed.R.Bank.P. 4008.[7] We therefore conclude that McClellan lacks standing to bring this appeal. Accordingly, we DISMISS.

---

5. § 524. Effect of Discharge.
. . . .
   (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
. . . .
   (6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—
(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
(ii) in the best interest of the debtor.
. . . .

6. Although it is not in the record, the creditor asserted at oral argument that it would be aggrieved if the reaffirmation agreement with the debtor was not approved because the creditor would be forced to report the debt to certain regulators.

7. **Rule 4008.    Discharge and Reaffirmation Hearing.**

   Not more than 30 days following the entry of an order granting or denying a discharge, or confirming a plan in a chapter 11 reorganization case concerning an individual debtor and on not less than 10 days notice to the debtor and the trustee, the court may hold a hearing as provided in § 524(d) of the Code. A motion *by the debtor* for approval of a reaffirmation agreement shall be filed before or at the hearing (emphasis added).