**In re GOSNELL DEVELOPMENT CORPORATION OF ARIZONA, Debtor.**

**Bankruptcy No. BR–97–10778 PHX–CGC.**

United States Bankruptcy Court, D. Arizona.

June 11, 1998.

---

**13.** Plaintiff did not cross-appeal to request attorney fees if she is determined to be the prevailing party.

Michael W. Carmel, Michael W. Carmel, Ltd., Phoenix, AZ, for Debtor.

Chad L. Schexnayder, Jennings, Haug & Cunningham, Phoenix, AZ, for Fireman's Fund Insurance Co.

Terry A. Dake, Terry A. Dake, Ltd., Phoenix, AZ, for Louis A. Movitz, Trustee.

## UNDER ADVISEMENT ORDER RE: JOINT MOTION FOR SUMMARY JUDGMENT RE: REPPEL STEEL, INC.'S SECURED CLAIM

CHARLES G. CASE II, Bankruptcy Judge.

## I. INTRODUCTION

The Trustee of Reppel Steel, Inc. ("Reppel") asserts a secured claim against this estate arising from his having 1) obtained a judgment against the Debtor Gosnell Development Corporation of Arizona, Inc. ("GDC" or "Debtor") in California state court and 2) filed a notice of lien against a judgment GDC recovered against Tokai Bank, Ltd., N.Y. Branch ("Tokai"). GDC and Fireman's Fund Insurance Company ("Fireman's Fund"), a creditor and GDC's former surety, have objected to the claim's secured status.[1]

---

1. Pursuant to a Settlement Agreement approved by this Court, the Tokai judgment has been reversed or a satisfaction of judgment has been filed, in either event eliminating Reppel's security. The Court previously ordered that Reppel be given a replacement lien against any recovery by the estate in certain other litigation as adequate protection of its purported lien, pending resolution of this claim objection.

GDC and Fireman's Fund have now filed a Joint Motion for Summary Judgment seeking a ruling that Reppel's lien against the Tokai judgment has zero value, thereby reducing Reppel to the status of an unsecured creditor. For the following reasons, this Court denies the motion.

## II. FACTS

The history of this case, lengthy and confusing as it may be, boils down to these essential facts. Debtor and Sam Stein entered into a construction contract in 1988 to build the Santa Monica Beach Hotel. Pursuant to the construction contract, Debtor posted a performance bond for $24 million issued by Fireman's Fund. The performance bond expressly incorporated the terms of the construction contract. Subsequently, Sam Stein transferred all rights in the construction contract to Santa Monica Beach Hotel, Ltd. ("SMBH"), who then replaced the original lender with Tokai and named Tokai a dual obligee on the performance bond rider.

Problems arose thereafter, with Debtor halting construction on several occasions due to lack of payment by SMBH. Debtor alleged that it resumed construction based on representations of Tokai that sufficient funds were available to pay for the completed and pending work, including additional work not initially contemplated by the parties. Unfortunately, problems persisted, and Debtor instituted arbitration proceedings against SMBH and Stein. SMBH counterclaimed. SMBH and Stein then filed Chapter 11 and Chapter 7 respectively. Debtor sought relief from the automatic stay to proceed with the arbitration proceedings. SMBH lacked sufficient funds to go forward, so Stein agreed to fund the arbitration in exchange for a first priority lien upon 50% of any recovery of SMBH against Debtor.

Nearly simultaneously, Tokai filed suit against SMBH and 'Debtor, among others, in Los Angeles Superior Court (Case No. BC 37078) to foreclose its deed of trust. Debtor counter claimed for fraudulent and negligent misrepresentations based on Tokai's representations to Debtor that there were sufficient funds available to fund the construction, thereby inducing Debtor back to work. The

court issued an interlocutory award to Debtor for $365,484, plus prejudgment interest, against Tokai pending resolution of Tokai's claims against Debtor. Tokai subsequently abandoned its claims against Debtor when it reached a settlement with SMBH. The settlement, approved by the United States Bankruptcy Court for the Central District of California, granted Tokai a security interest in any monies the SMBH estate recovered from Debtor and Fireman's Fund in the arbitration proceedings, subject only to Sam Stein's prior 50% interest in those recoveries.

Three months later, the arbitration panel awarded SMBH nearly $47 million against Debtor and $24 million against Fireman's Fund. Debtor then assigned to Fireman's Fund its recovery against Tokai for $365,484.

All of these various proceedings and awards were subsequently consolidated into a comprehensive judgment in February 1997. The arbitration awards in favor of SMBH and against Debtor and Fireman's Fund were reduced to judgment in the amounts of $44 and $24 million respectively. Tokai was granted judgment against SMBH on its foreclosure and stop notice claims for $69 million. Tokai was also granted a security interest in SMBH's recovery against Debtor in the arbitration proceedings, subject to the Stein estate claim. Debtor's judgment against Tokai was entered in the amount $365,484, plus prejudgment interest, for a total of $511,411. Tokai was also granted a judgment against SMBH for this same amount.

Reppel's involvement in this matter arises out of a judgment it received in April, 1997, against Debtor for $186,708, plus interest, attorneys' fees, and costs for a total of $348,- 823. Within days of this judgment, Reppel filed a notice pursuant to § 708.410, et seq., of the California Civil Procedure Code, in the consolidated proceeding to acquire a lien against any recovery Debtor might receive from Tokai.

This is where the dispute arises. Debtor and Fireman's Fund claim that Tokai has the right to setoff its security interest in SMBH's recovery against Debtor against Debtor's judgment against Tokai. They also claim that Tokai, by virtue of its status as a dual

obligee on the performance bond, is entitled to recoup its losses from Debtor's alleged breach of the construction contract. And, therefore, because Tokai has these setoff and recoupment rights that exceed Debtor's judgment against Tokai, the Movants argue that Reppel's lien on Debtor's judgment is worthless. Further, because Debtor assigned to Fireman's Fund its judgment against Tokai before Reppel filed its notice and allegedly acquired its lien, they claim that Debtor had no remaining interest in the Tokai judgment to which Reppel's lien could attach. Reppel disagrees and raises numerous arguments against Debtor and Fireman's Fund's claims.

## III. ANALYSIS

### A. Setoff and Recoupment

This case stands the doctrines of setoff and recoupment on their heads. A brief discussion of setoff and recoupment illustrates why this is so. The Bankruptcy Code itself explicitly recognizes the applicability of setoff in the bankruptcy context. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir.1996) (citing *United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756, 763 (9th Cir.1994)). 11 U.S.C. § 553(a) provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

"[Setoff] has been used by creditors 'as a defense in an action by the trustee for the recovery of money from the creditor.'" *Id.* (quoting 4 Collier on Bankruptcy ¶ 553.01[4], at 553–57 (15th ed.1995)).

▮ Recoupment, on the other hand, is a judicially recognized principle pursuant to which a defendant may respond to a plaintiff's claim with a countervailing claim arising out of the same transaction. *In re California Canners and Growers*, 62 B.R. 18, 19

(9th Cir. BAP 1986) (citing J. Moore, 3 Moore's Federal Practice P 13.02, at 13 n. 1 (2d ed.1985)). Recoupment is often analogized to a counterclaim or affirmative defense. *Id.* at 22. It "is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim." *Newbery,* 95 F.3d at 1399 (quoting Collier P 553.03, at 553–15). In application, setoff and recoupment have created exceptions to the general rule that all unsecured creditors in bankruptcy will be treated alike in satisfaction of their claims. *Id.* at 1400 (quoting *Ashland Petroleum Co. v. Appel (In re B & L Oil Co.)*, 782 F.2d 155, 157 (10th Cir.1986)). Setoff is allowed only in very narrow circumstances in bankruptcy, whereas a creditor may successfully raise recoupment as a defense where setoff is not permitted. *California Canners*, 62 B.R. at 19.

The language of both setoff and recoupment speak of the relationship between the debtor and creditor, and not third parties. Section 553 expressly states that a *creditor* does not lose its right to setoff a debt: it nowhere indicates that another party may assert the creditor's right of setoff on the creditor's behalf. Cases involving setoff also speak of the *creditor's* burden in proving the elements of setoff and the *creditor's* waiver of its setoff claim. Recoupment is also couched in terms of the *creditor* being able to show that it is not liable on the claim of the debtor's estate because it has a claim against the debtor arising from the same transaction. *See Newbery*, 95 F.3d at 1401. Neither doctrine indicates whether the debtor or another creditor may raise the defense of setoff or recoupment on behalf of another creditor.[2]

In practice, it is generally the creditor that raises setoff or recoupment as a defense to having to pay debtor's estate the full amount of the debt it owes debtor. In this case, however, the creditor with the alleged right of setoff and recoupment is absent from the proceedings. Instead, Debtor and Fireman's Fund raise the defenses of setoff and recoupment on behalf of Tokai arguing that Tokai

---

**2.** Debtor and Fireman's Fund failed to respond in their Reply to Reppel's argument that Debtor and Fireman's Fund lack standing to raise Tokai's alleged setoff and recoupment defenses.

does not owe the estate any money because it has the right to setoff against the estate, or recoup from the estate, monies that exceed the amount of the judgment Debtor has against Tokai. Therefore, they conclude, Reppel's interest in Debtor's judgment against Tokai is worthless. Not surprisingly, none of the parties cites any case, nor did this Court find any case, where these doctrines were applied in such a fashion. The question, therefore, of whether Debtor and Fireman's Fund have standing to raise these defenses is a matter of first impression.

 Standing subsumes both constitutional and jurisprudential considerations. Article III of the Constitution requires that the allegedly aggrieved party show that he or she has personally suffered some actual or threatened injury that can be traced to some wrongful or illegal conduct and that the injury is likely to be redressed by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *In re Caldor, Inc.*, 193 B.R. 182, 186 (Bankr.S.D.N.Y. 1996). The parties must have a direct and immediate interest in the matter at hand. *See In re Umpqua Shopping Center, Inc. (Tippet v. Umpqua Shopping Center, Inc.)*, 111 B.R. 303, 304 (9th Cir. BAP 1990). Clearly, Debtor and Fireman's Fund have an interest in the matter to the extent that Tokai's alleged right of setoff or recoupment will impact the distribution of the assets of the estate. If Tokai is allowed to setoff or recoup its debt to Debtor, it in effect is granted a preference over other creditors. And, if we accept Debtor and Fireman's Fund's argument, Reppel may be entitled to recover nothing.

 Simply because the matter affects the debtor or the creditor generally, however, is insufficient to confer standing. *See id.* The party must "assert his own legal rights

and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354–55 (1975)).[3] "The party asserting standing must have a personal stake in the outcome of the controversy and suffer, or be threatened with, some actual injury." *In re Sinclair's Suncoast Seafood, Inc.*, 140 B.R. 588, 591 (Bankr.M.D.Fla.1992).

> Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that other party is present in the proceedings and is capable of representing himself.

*Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir.1988) (cited with approval by the Ninth Circuit BAP in *In re Umpqua Shopping Center, Inc.*). While it may be expedient for Debtor and Fireman's Fund to raise these defenses on behalf of Tokai, neither Debtor nor Fireman's Fund has indicated why Tokai is not pursuing the defenses itself or why this Court should permit Debtor and Fireman's Fund to do so. Nor have Debtor and Fireman's Fund indicated what actual injury they will suffer if they are not permitted to raise these defenses at this time.

 In addition, standing is further limited to those "parties within the 'zone of interests' a particular statute addresses." *Animal Legal Defense Fund v. Quigg*, 932 F.2d 920, 925 (Fed.Cir.1991) (citing *Air Courier Conference of America v. American Postal Workers Union*, 498 U.S. 517, 111 S.Ct. 913, 112 L.Ed.2d 1125 (1991)); *Valley Forge*, 454 U.S. at 475, 102 S.Ct. at 760 (stating that the complaint must fall within the interests to be protected or regulated by the statute at issue). As was stated *supra*, the language of § 553 suggests that it was intended to protect creditors from having to pay an insolvent debtor when the debtor itself owes the creditor money. Similarly,

---

3. The only time a party may raise a third party's rights or interests is "when (1) the party asserting the rights has suffered an injury in fact, giving him a sufficiently concrete interest in the outcome of the litigation, (2) there is a sufficiently close relationship between the litigant and the person whose rights are being asserted so that the litigant will be an effective proponent of the rights being litigated, and (3) there is some hindrance to the third party's ability to protect his own interests." *United States v. DeGross*, 960 F.2d 1433, 1437 (9th Cir.1992) (citing *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)). None of these elements appears to exist here.

recoupment is couched in terms of the creditor asserting the defense that it is not liable to the estate because it has, in essence, a counterclaim against debtor arising out of the same transaction.

■ Courts have recognized that setoff and recoupment are the equivalent of lawful preferences in bankruptcy. *See* 5 Collier on Bankruptcy, ¶ 553.02 (15th ed.1998) (citing *In re Pottier & Stymus Co.*, 262 F. 955, 956 (2d Cir.1919)). A creditor with a right of setoff or recoupment will recover a greater percentage of its claim from debtor as compared to other creditors without the right of setoff or recoupment. Preferences inure to the benefit of the creditor, not the debtor. Under the language of § 553 and the setoff and recoupment cases, it makes little sense to allow a party other than the creditor with the recoupment or setoff defense to raise the defenses.[4] While there may arise situations in which a debtor may in fact have a claim for setoff or recoupment against a creditor, that is not the situation here. Here, Debtor and Fireman's Fund are arguing that Tokai is no longer liable to Debtor or Debtor's estate because Debtor owes Tokai more than Tokai owes Debtor. This is Tokai's defense, not Debtor's or Fireman's Fund's.

■ This Court finds troubling several other aspects of Debtor and Fireman's Fund's arguments. First, § 553 requires that the creditor hold a claim against the Debtor that arose prepetition, that the creditor owe a debt to the debtor that also arose prepetition, that the claim and debt be mutual, and that the claim and debt be valid and enforceable. Mutuality in this case is questionable. For debts to be mutual, they must be "in the same right and between the same parties, standing in the same capacity." *Newbery*, 95 F.3d at 1399. Mutuality is strictly construed.

Debtor and Fireman's Fund contend that there is mutuality here because of Tokai's security interest in SMBH's recovery against Debtor. This Court has found no cases, however, where such a security interest was sufficient for finding mutuality. Debtor and Fireman's Fund rely on a California case that states that "a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment." *Harrison v. Adams*, 20 Cal.2d 646, 128 P.2d 9, 11 (1942). In this case, however, Tokai has not been assigned a judgment against Debtor. If it truly holds a "security interest," that interest must be foreclosed or otherwise enforced before actual "ownership" passes. There is no evidence here of any such enforcement action by Tokai. Further, while Tokai has a judgment against SMBH for $511,411.38, the same amount as Debtor's judgment against Tokai, that alone, however, does not satisfy mutuality. Tokai's judgment is against SMBH, not the Debtor, while the Debtor's judgment is against Tokai, not SMBH.

This Court also rejects Debtor's and Fireman's Fund's argument that because Tokai was named a dual obligee under the performance bond, Tokai automatically has rights against Debtor and Fireman's Fund for breach of the construction contract, thereby satisfying the mutuality requirements of § 553.[5] This claim was raised in the state court proceedings in California by Tokai, but was subsequently dropped before it was considered. Its dubious vitality is underscored by its absence from Tokai's proof of claim filed in this case. That claim for more than $50 million (No. 18 in the Court's claims file) is based *entirely* upon Tokai's security interest in SMBH's judgment against GDC and does not mention or refer to any *direct* claim that Tokai may have once had based upon its status as dual obligee under the Fireman's Fund bond. Accordingly, even if the stand-

---

4. Allowing a third party to raise these defenses on the part of the creditor who may be holding these defenses, could create further problems down the road. Would a ruling by a court denying the applicability of these defenses bar the creditor from later raising these defenses to a claim by the debtor for payment?

5. Even if correct, this argument still suffers from the deficiency that the Movants lack standing to pursue it.

ing issue were to be overcome, summary judgment on this theory would be inappropriate.

### B. Assignment

Debtor and Fireman's Fund initially raised another argument in their motion to support their claim that Reppel's lien is worthless. Debtor and Fireman's Fund stated that Debtor assigned all proceeds it might recover from the judgment it held against Tokai to Fireman's Fund in December of 1995. Therefore, the argument is that, because Reppel did not file its notice to perfect its lien until April 7, 1997, there were no assets to which Reppel's lien could attach. At oral argument, Debtor and Fireman's Fund conceded that this claim was not based upon presently uncontested facts and withdrew their motion. As such, this Court will not address the issue in this Order.

### IV. CONCLUSION

For the foregoing reasons, this Court denies Debtor and Fireman's Fund's Joint Motion for Summary Judgment.

So ordered.